IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SAYIF ALSAWALHA, AS THE ADMINISTRATOR OF THE ESTATE OF YAZEED ALSAWALHA, DECEASED, AND SUMAIAH ALGHAHANIM AND FAYEZ ALSAWALHA, AS SURVIVING PARENTS OF YAZEED ALSAWALHA, DECEASED,, <br><br> Plaintiffs, <br><br> v. <br><br> LANDMARK PROPERTIES, INC., <br><br> Defendant. | Civil Action No. _____ |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Landmark Properties, Inc. (hereinafter also referred to as "Defendant"), by and through its undersigned counsel, hereby remove this action from the State Court of Athens-Clarke County, Georgia, to the United States District Court for the Middle District of Georgia, Athens Division.

Removal is based on diversity jurisdiction because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in

controversy exceeds $75,000.00. In support of its Notice of Removal ("Notice"), Defendant states as follows:

## I. Background

1. This personal injury and wrongful death action was commenced on January 7, 2022 by the filing of the original Summons and Complaint in the State Court of Athens-Clarke County, Georgia styled, Sayif Alsawalha, as the Administrator of the Estate of Yazeed Alsawalha, Deceased, and Sumaiah Alghahanim and Fayez Alsawalha, as Surviving Parents of Yazeed Alsawalha, Deceased, v. Landmark Properties, LLC Attached hereto as Exhibit A are copies of all pleadings served upon Defendant in such action to date. A copy of the Notice of Filing Notice Of Removal, filed in the State Court of Athens-Clarke County, Georgia is attached hereto as Exhibit C.

## II. This Notice of Removal is Timely Filed

1. This lawsuit is a case within the meaning of the Acts of Congress relating to removal of civil actions.

2. Landmark Properties, Inc.'s registered agent received a copy of Plaintiff's Complaint by process server on January 31, 2022. (Affidavit of Service of Process, attached hereto as Exhibit D).

3. This Notice of Removal is timely as it is filed within 30 days of Defendant's receipt of copies of Plaintiff's pleadings setting forth his claim of

relief. (Exhibit D).

4. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after January 31, 2022, which is the date Defendant first received the Summons and Complaint in this action.

5. The United States District Court for the Middle District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

### III. This Court Has Diversity Jurisdiction

1. Plaintiffs do not specify their states of Citizenship in the Complaint. However, Defendant's legal representatives performed background research on Plaintiffs and determined that neither Sayif Alsawalha, Sumaiah Alghahanim, Fayez Alsawalha nor Yazeed Alsawalha are citizens of the State of Georgia. (Affidavit of Zachary Walton, ¶¶ 5-6 ). Upon information and belief, Plaintiffs' true, fixed, and permanent home and principal establishment are not in Georgia. This Court has personal jurisdiction over Plaintiffs. (Affidavit of Zachary Walton, ¶¶ 5-6, attached hereto as Exhibit B).

6. Defendant Landmark Properties, Inc. is a domestic corporation existing under the laws of the State of Georgia with its principal place of business in Georgia. (Plaintiffs' Complaint, ¶ 5).

7. Plaintiffs allege that on October 5, 2020, while an invitee at and legally in one of the apartments, Yaheed Alsawalha was shot by an intruder and ultimately died as a result of the injuries he sustained from the attack. Plaintiffs' Complaint alleges causes of action based on negligence and wrongful death. (Plaintiffs' Complaint, ¶¶ 10-24). Plaintiffs also seek punitive damages pursuant to O.C.G.A. § 51.12-5.1, as well as attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11. (Complaint, ¶¶ 32-33). Plaintiffs did not plead a specific amount of damages in the Complaint. Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010) (internal quotation marks and citation omitted). The removing defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "even when the complaint does not claim a specific amount of damages[,]" or with the use of additional evidence demonstrating that removal is proper. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir.

2010) (internal quotation marks and citations omitted). The "jurisdictional amount" must be "stated clearly on the face of the documents before the court, or readily deducible from them." Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007).  "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe, 613 F.3d at 1062.  Here, experience and common sense dictates that the amount in controversy of the instant wrongful death claim exceeds $75,000, exclusive of interest and costs;  it is also "facially apparent" from the complaint that the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. There is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000. This Court thus has jurisdiction over this claim pursuant to 28 U.S.C. § 1332.

### IV.   Notice of Notice of Removal to the State Court of Athens-Clarke County

9. Concurrently with this Notice of Removal, Defendant will file a copy of this Notice with the State Court of Athens-Clarke County, Georgia. A copy of the Notice of Notice of Removal to Federal Court is attached hereto as Exhibit C. In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice to Plaintiff by contemporaneously serving him with this Notice.

10. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable. See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (post-removal evidence in assessing removal jurisdiction may be considered by the Court).

## IV. Conclusion

For the foregoing reasons, Landmark Properties, Inc. respectfully requests that this civil action be, and is hereby, removed to the United States District Court for the Middle District of Georgia, Athens Division, that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

This the 9th day of February, 2022.

MCANGUS GOUDELOCK & COURIE, LLC

/s/ W. Jason Pettus
W. JASON PETTUS (GA Bar No. 140852)
jason.pettus@mgclaw.com
JOHN W. CAMPBELL (GA Bar No. 002820)
john.campbell@mgclaw.com
CRYSTAL D. YARBROUGH (GA Bar No. 759465)

crystal.yarbrough@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1687
Attorneys for Landmark Properties, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Notice of Removal* was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

> Email: nbigman@ssmklaw.com
> Nicole Bigman
> Sinton Scott Minock Kerew, LLC
> 113 Alderwood Hill
> Sandy Springs, GA, 30328-2548
> Attorney for Yazeed Alsawalha

This the 9th day of February, 2022.

MCANGUS GOUDELOCK & COURIE, LLC

/s/ W. Jason Pettus
W. JASON PETTUS (GA Bar No. 140852)
jason.pettus@mgclaw.com
JOHN W. CAMPBELL (GA Bar No. 002820)
john.campbell@mgclaw.com
CRYSTAL D. YARBROUGH (GA Bar No. 759465)
crystal.yarbrough@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1687
Attorneys for Landmark Properties, LLC