# EXHIBIT A

# STATE COURT OF CLARKE COUNTY
# STATE OF GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
CLARKE COUNTY, GEORGIA
**ST22CV0029**
**CHARLES E. AUSLANDER III**
**JAN 07, 2022 04:04 PM**

Beverly Logan, Clerk
Clarke County, Georgia

CIVIL ACTION NUMBER  ST22CV0029

ALSAWALHA, SAYIF
ALSAWALHA, FAYEZ
ALGHAHANIM, SUMAIAH
_____
**PLAINTIFF**
                                                **VS.**
LANDMARK PROPERTIES, INC.
_____
**DEFENDANT**

### SUMMONS

TO: LANDMARK PROPERTIES, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Daniel Beer**
> **Sinton Scott Minock Kerew**
> **3438 Peachtree Road, Suite 925**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of January, 2022.**

Clerk of State Court

Beverly Logan, Clerk
Clarke County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
CLARKE COUNTY, GEORGIA

**ST22CV0029**

CHARLES E. AUSLANDER III

**JAN 07, 2022 04:04 PM**

Beverly Logan, Clerk
Clarke County, Georgia

**IN THE STATE COURT OF ATHENS-CLARKE COUNTY**
**STATE OF GEORGIA**

SAYIF ALSAWALHA, as the Administrator of the
Estate of YAZEED ALSAWALHA, Deceased, and
SUMAIAH ALGHAHANIM and FAYEZ
ALSAWALHA, as Surviving Parents of YAZEED
ALSAWALHA, Deceased,

      Plaintiffs,

v.

LANDMARK PROPERTIES, INC.,

      Defendant.

CIVIL ACTION FILE
NO. _____

## **COMPLAINT**

Plaintiffs hereby file this Complaint, showing the Court as follows:

1.

On October 5, 2020, Yazeed Alsawalha ("Mr. Alsawalha") was shot and killed in an

apartment at 412 Falling Waters Court, Charlotte, North Carolina 28212 and which is sometimes

referred to as Arcadia Student Living Complex apartments (hereinafter the "Premises").   Mr.

Alsawalha is survived by his parents, Plaintiffs Sumaiah Alghahanim and Fayez Alsawalha, who

have the legal right to bring these wrongful death claims.

2.

Plaintiff Sayif Alsawalha, as the anticipated duly appointed Administrator of the Estate of

Yazeed Alsawalha, states his intention and desire to bring each and every permissible, proper, and

authorized claim for damages under Georgia law, including personal injury, funeral and burial

expenses, medical, pre-impact fright, punitive, and other damages as proven by the evidence at

trial.

3.

Plaintiffs are subject to the jurisdiction of this Court.

4.

Plaintiffs, individually, and on behalf of the Estate of Yazeed Alsawalha, state their intention and desire to bring each and every permissible, proper, and authorized claim for damages under Georgia law, including general, special, compensatory, consequential, economic, punitive, and other damages as proven by the evidence at trial.  In particular, Plaintiffs bring a wrongful death claim on behalf of the parents and sole surviving heirs of Yazeed Alsawalha and as the Administrator of the Estate of Yazeed Alsawalha for all claims belonging to the Estate of Yazeed Alsawalha.

5.

Defendant Landmark Properties, Inc. (hereinafter "Defendant") is a domestic corporation with its principal office located at 315 Oconee Street, Athens, GA 30601.  Service can be made on Defendant by serving its Registered Agent:  W. Christopher Hart, 315 Oconee Street, Athens-Clarke County, Athens, GA 30601.

6.

Jurisdiction and venue are proper as to Defendant.

7.

Defendant has been properly served with process in this action.

8.

At all times herein, Defendant owned, occupied, operated, and/or managed the Premises.

9.

At all relevant times, Mr. Alsawalha was an invitee of Defendant.

10.

On October 5, 2020, while an invitee at and legally in one of the apartments at the Premises, Mr. Alsawalha was shot and killed by an intruder.  Mr. Alsawalha ultimately died as a result of the injuries he sustained during the attack.

11.

During the five years prior to October 5, 2020, there had been numerous reports of incidents of criminal activity at the Premises about which Defendant knew, or by the exercise of reasonable care, should have known.

12.

The assailant who shot Mr. Alsawalha was negligently allowed to enter and remain on the Premises because Defendant failed to implement adequate security measures to prevent individuals like the assailant from entering the Premises or to deter him/her from remaining on the Premises.

13.

Defendant had a duty to provide security policies and procedures for the protection of their invitees, like Mr. Alsawalha.

14.

Defendant failed to provide adequate security policies and/or security procedures for the protection of invitees like Mr. Alsawalha.

15.

As a direct and proximate result of Defendant's negligence, Mr. Alsawalha was fatally shot while legally on the Premises.

16.

Mr. Alsawalha was a completely innocent victim who exercised ordinary care and

3

diligence at all times herein and under the circumstances then existing.

17.

Defendant breached the duty owed to Mr. Alsawalha by failing to exercise ordinary care to keep the Premises safe.

18.

Prior to and on October 5, 2020, the Premises was negligently repaired, maintained, inspected, secured, patrolled and/or managed.  Defendant had knowledge, both actual and constructive, of the need to properly repair, maintain, secure, inspect, patrol, and manage the Premises, but failed to exercise ordinary care to do so.

19.

Defendant had actual or constructive knowledge of prior violent crimes occurring on and around the Premises prior to the shooting of Mr. Alsawalha.

20.

Defendant failed to act upon this knowledge and implement security measures to attempt to prevent subsequent similar crimes.

21.

Defendant had actual and constructive knowledge prior to the shooting of Mr. Alsawalha of the need to patrol, secure, inspect, manage and control access to the Premises and to deter criminal activity from entering or occurring on the Premises, but failed to exercise ordinary care to do so.

22.

Defendant negligently failed to warn their invitees, including Mr. Alsawalha, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

23.

Defendant negligently failed to maintain adequate security devices to permit proper use of the Premises, thereby causing an unreasonable risk of injury to their invitees, including Mr. Alsawalha.

24.

Defendant's negligent acts were the proximate cause of Mr. Alsawalha's injuries and death. Defendant was negligent and said negligence proximately caused the injuries to Plaintiffs in the following ways:

a) Failing to provide adequate security for its invitees, including Mr. Alsawalha;

b) Failing to warn its invitees, including Mr. Alsawalha, of the nature and character of the Premises and surrounding area when it knew or in the exercise of reasonable care should have known that numerous criminal incidents of a similar nature to the one herein (i.e. crimes against persons) had occurred on the Premises and/or in the surrounding area prior to the herein incident;

c) Failing to warn, protect, guard, and secure the safety of its invitees, including Mr. Alsawalha, when Defendant knew or should have known that the Premises had a history of similar criminal acts being committed in the area, thereby creating a dangerous condition to those individuals on the Premises;

d) Failing to warn, protect, guard, and secure the safety of Premises, when Defendant knew or should have known that the Premises had a history of similar criminal acts being committed on its property and in the area, thereby creating a dangerous condition to those individuals on the property, including Mr. Alsawalha;

e) Failing to police, patrol, guard, deter, and otherwise provide adequate protection for

its invitees, including Mr. Alsawalha, when Defendant knew or should have known of foreseeable criminal acts;

f) Failing to hire and/or retain any private security personnel and/or off duty police officers to patrol and/or monitor the Premises, thereby protecting its invitees, including Mr. Alsawalha;

g) Failing to have a sufficient number of security guards in visible areas to deter crime, thereby protecting its invitees and the public, including Mr. Alsawalha;

h) Failing to have an adequate number of security guards to protect its invitees, including Mr. Alsawalha;

i) Failing to hire and/or retain competent security guards to protect its invitees and the public, including Mr. Alsawalha;

j) Failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect its invitees, including Mr. Alsawalha;

k) Failing to provide proper and sufficient lighting for the Premises, including but not limited to exterior lighting and parking lot lighting to aid in deterring of criminal acts on the Premises and surrounding areas;

l) Failing to have surveillance cameras in such locations throughout the Premises to aid in deterring criminal acts including but not limited to the exterior of buildings and parking lots;

m) Failing to have an adequate number of surveillance cameras on the Premises and surrounding areas, to aid in deterring criminal acts including but not limited to the areas of the Premises where the instant incident occurred;

n)  Failing to position surveillance cameras in appropriate locations and surrounding areas;

o)  Failing to have and/or maintain surveillance cameras in working condition such that every camera was able to monitor and record activity;

p)  Failing to implement adequate security policies, security measures, and security procedures necessary to protect its invitees, including Mr. Alsawalha;

q)  Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

r)  Failing to adequately provide an overall security plan that would meet the known industry standards and customs for safety in the community;

s)  Failing to instruct Defendant's employees and/or management, to instruct trespassers against loitering on the Premises; and

t)  Additional acts of negligence not yet discovered.

25.

Defendant was negligent *per se* for having committed acts or omissions inconsistent with its statutory duty under O.C.G.A. § 51-3-1 to keep the Premises and its approaches safe for their invitees, including Mr. Alsawalha.

26.

Defendant had a duty, pursuant to O.C.G.A. § 44-7-13 and O.C.G.A. § 44-7-14, to keep the Premises in repair.  Defendant breached this duty and is therefore liable under O.C.G.A. § 44-7-13 and O.C.G.A. § 44-7-14.

27.

Defendant failed to take appropriate action to remedy or reduce the danger to its invitees,

including Mr. Alsawalha, and allowed the dangerous environment on the Premises to continue to exist unabated, thereby creating a nuisance.

28.

Defendant's negligence was a cause in fact and a proximate cause of the injuries to and wrongful death of Mr. Alsawalha.

29.

As a direct and proximate result of Defendant's negligence, Mr. Alsawalha sustained catastrophic injuries, conscious pain and suffering, and ultimately became aware of his impending death.

30.

As a result of Defendant's negligence, Plaintiffs state their intention to seek all special, compensatory, general, incidental, consequential, economic, and other damages permissible under the laws of the State of Georgia, including but not limited to:

a)  Personal injuries;

b)  Pain and suffering;

c)  Mental anguish, fright, shock, and terror;

d)  Loss of the enjoyment of life;

e)  Wrongful death;

f)  Funeral and burial expenses;

g)  Lost earning capacity;

h)  Lost capacity of labor;

i)  Incidental expenses;

j)  Medical expenses;

k) Punitive damages to the extent supported by the evidence following discovery;

l) The full value of Mr. Alsawalha's life; and

m) Consequential damages to be proven at trial.

31.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendant, and one or more or of all above-stated acts were the proximate causes of the injuries to and wrongful death of Mr. Alsawalha.

32.

Defendant acted with willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of a conscience indifference to the consequences. Accordingly, Sayif Alsawalha, as the anticipated duly appointed Administrator of the Estate of Yazeed Alsawalha, is entitled to recover punitive damages from the Defendant, in accordance with the enlightened conscience of an impartial jury, pursuant to O.C.G.A. § 51-12-5.1.

33.

Because Defendant's actions evidence a species of bad faith, was and is stubbornly litigious, and have caused Plaintiffs undue expense, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

34.

WHEREFORE, Plaintiffs pray for a judgment to be awarded to them and against the Defendant and for the following:

a) Process issue and Defendant be served as provided by law;

b) Plaintiffs have a trial by jury;

c) Plaintiffs be awarded actual damages in amounts to be shown at trial from Defendant;

d) Plaintiffs be awarded the full value of Yazeed Alsawalha's life pursuant to O.C.G.A. § 51-4-1 et seq.;

e) Plaintiff Sayif Alsawalha, as the anticipated duly appointed Administrator of the Estate of Yazeed Alsawalha, be awarded all proper damages owned by the Estate, including punitive damages, and damages for personal injury, pain and suffering, or funeral expenses, in accordance with the enlightened conscience of an impartial jury;

f) Plaintiffs be awarded attorneys' fees and cost of litigation in an amount which will be proven through the evidence at the time of trial;

g) Plaintiffs be awarded interest and costs; and

h) Plaintiffs be awarded such other relief as this Court deems just and proper.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

**Respectfully submitted** this 7th day of January 2022,

SINTON SCOTT MINOCK & KEREW

/s/ *Mark Johnson*
Mark Johnson
Georgia Bar No. 395042
Daniel C. Beer
Georgia Bar No. 200758
Michael Smith
Georgia Bar No. 183081
Nicole M. Bigman
Georgia Bar No. 711066
Attorneys for Plaintiffs

SINTON SCOTT MINOCK & KEREW
3438 Peachtree Road, Suite 925
Atlanta, Georgia 30326
dbeer@ssmklaw.com
mjohnson@ssmklaw.com
msmith@ssmklaw.com
nbigman@ssmklaw.com

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
CLARKE COUNTY, GEORGIA

**ST22CV0029**
CHARLES E. AUSLANDER III
**JAN 07, 2022 04:04 PM**

*Beverly Logan*
Beverly Logan, Clerk
Clarke County, Georgia

## IN THE STATE COURT OF ATHENS-CLARKE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SAYIF ALSAWALHA, as the Administrator of the Estate of YAZEED ALSAWALHA, Deceased, and SUMAIAH ALGHAHANIM and FAYEZ ALSAWALHA, as Surviving Parents of YAZEED ALSAWALHA, Deceased, | |
|     Plaintiffs, | CIVIL ACTION FILE NO. _____ |
| v. | |
| LANDMARK PROPERTIES, INC., | |
|     Defendant. | |

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS

Pursuant to O.C.G.A. Section 9-11-36, you are hereby required to answer, in the form provided by law, the following Request for Admissions:

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

Athens – Clarke County State Court has jurisdiction over the subject matter of this case.

6.

Athens – Clarke County State Court has personal jurisdiction over you as a party defendant in this case.

7.

Venue is proper in Athens – Clarke County State Court.

8.

Plaintiff was shot multiple times on October 5, 2020 at Arcadia Student Living Complex apartments, 412 Falling Waters Court, Charlotte, North Carolina 28212 (hereinafter "the Premises").

9.

On October 5, 2020, this Defendant owned the Premises where Plaintiff was shot.

10.

On October 5, 2020, this Defendant was in control of the Premises where Plaintiff was shot.

11.

Only October 5, 2020, this Defendant occupied the Premises where Plaintiff was shot.

12.

Only October 5, 2020, this Defendant was the custodian of the Premises where Plaintiff was shot.

13.

On October 5, 2020, this Defendant was responsible for inspecting the Premises where Plaintiff was shot.

14.

On October 5, 2020, this Defendant was responsible for keeping the Premises safe for its residents and invitees.

15.

This Defendant owed a duty to Plaintiff to keep the Premises safe.

16.

This Defendant, its agents and/or its employees had knowledge that other individuals had been physically assaulted at the Premises prior to October 5, 2020.

17.

This Defendant did not take any action to warn Plaintiff of prior criminal activity at the Premises prior to October 5, 2020.

18.

Prior to October 5, 2020, this Defendant's former employees had notified this Defendant that they did not feel safe at the Premises.

19.

Prior to October 5, 2020, residents at the Premises had notified this Defendant that they did not feel safe at the Premises.

20.

Plaintiff was an invitee at the Premises on October 5, 2020.

21.

Prior to October 5, 2020, this Defendant knew that its crime prevention procedures at the Premises were not preventing crime.

22.

This Defendant was negligent for having committed acts or omissions inconsistent with its statutory duty under O.C.G.A. § 51-3-1 to keep the Premises and its approaches safe for its invitees, including Plaintiff.

23.

This Defendant's negligence proximately caused serious injuries and death to Plaintiff.

24.

This Defendant is liable to Plaintiff for pain and suffering, compensatory, special, consequential, economic, general and punitive damages.

25.

This Defendant acted with willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of a conscience indifference to the consequences. Plaintiff is entitled to recover punitive damages from this Defendant, in accordance with the enlightened conscience of an impartial jury, pursuant to O.C.G.A. § 51-12-5.1.

26.

Plaintiff is a completely innocent victim and his actions did not contribute to his injuries.

27.

No other person, entity, or party is at fault for Plaintiff's injuries.

**Respectfully submitted** this 7th day of January 2022,

**SINTON SCOTT MINOCK & KEREW**

/s/ Daniel Beer
Daniel C. Beer
Georgia Bar No. 200758
Mark Johnson
Georgia Bar No. 395042

Michael Smith
Georgia Bar No. 183081
Nicole M. Bigman
Georgia Bar No. 711066
Attorneys for Plaintiffs

**SINTON SCOTT MINOCK & KEREW**
3438 Peachtree Road, Suite 925
Atlanta, Georgia 30326
dbeer@ssmklaw.com
mjohnson@ssmklaw.com
msmith@ssmklaw.com
nbigman@ssmklaw.com

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
CLARKE COUNTY, GEORGIA

**ST22CV0029**

CHARLES E. AUSLANDER III
JAN 07, 2022 04:04 PM

*Beverly Logan*
Beverly Logan, Clerk
Clarke County, Georgia

**IN THE STATE COURT OF ATHENS-CLARKE COUNTY**
**STATE OF GEORGIA**

SAYIF ALSAWALHA, as the Administrator of the
Estate of YAZEED ALSAWALHA, Deceased, and
SUMAIAH ALGHAHANIM and FAYEZ
ALSAWALHA, as Surviving Parents of YAZEED
ALSAWALHA, Deceased,

      Plaintiffs,

v.

LANDMARK PROPERTIES, INC.,

      Defendant.

CIVIL ACTION FILE
NO. _____

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT

Pursuant to O.C.G.A. § 9-11-26 *et seq*., Plaintiffs hereby requests that Defendant responds separately in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at SSMK Legal, LLC, 3438 Peachtree Road, Suite 925, Atlanta, Georgia 30326.

Please include the text of each question/request prior to each response. Plaintiff will do the same in response to Defendant's discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request.

## DEFINITIONS AND INSTRUCTIONS

A.  These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq*., so as to require Defendant to serve upon all parties supplemental answers if Defendant or defense attorneys obtain further information between the time the answers are served and the time of trial.

B.  "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without

limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, electronic messages/mail, and sound material.

C.   "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.   "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

E.   "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

F.   These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence.  Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insurers, employees, and other representatives.  If Defendant is unable to answer a question completely, the question should be answered as fully as possible.  When a question is directed to Defendant or "you," the question is also directed to each of the aforementioned persons.

G.   You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## INTERROGATORIES

1.

Identify the person(s) or entities who owned, managed, controlled, occupied and maintained the complex known as Arcadia Student Living Complex apartments located at 412 Falling Waters Court, Charlotte, North Carolina 28212 (hereinafter "the Premises") between October 5, 2015 and the present.  If the ownership, management, control or maintenance changed at any time since said occurrence, please identify every subsequent person or entity.

2.

State whether Defendant had knowledge of and/or received any complaints or notice of any nature from any person or entity (including, but not limited to, residents, employees, law enforcement, community groups and/or contractors) regarding security problems or criminal activity, including, but not limited to, shootings, rape, sexual assault, robbery, burglary, assault and/or battery, forced entry into an apartment and car thefts, at the Premises between October 5, 2015 and October 5, 2020. For each such incident, state the nature of the incident; the date of the incident; the individuals involved; how you became aware of the incident; whether any legal suit arose out of it and the outcome of such incident, if any; and what your company did to remedy the situation.

3.

Identify and provide the last known address, cell number and email for any person(s) who investigated the assault on Plaintiff or the claims made in this lawsuit, the nature of the investigation, whether each has made a written record of the investigation, and the results of said investigation.

4.

Identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment; and state the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered versus Defendant(s).

5.

Identify and provide the email, address and phone number for all entities contracted to provide security or maintenance services on the Premises in the five years prior to October 5, 2020, and if more than one entity, specify why a change was made.

6.

What, if anything, was done by Defendants in an attempt to avoid the incident complained of or other instances of criminal activity.

7.

Describe how you contend the occurrence complained of in this action happened, giving all of the events in detail and in the order in which they occurred, before, at the time of, and after the occurrence, which had any bearing on the cause or manner of the happening of this occurrence.

8.

Identify and provide the email, address, phone number and places of employment of all persons known to you, either from your own investigation or from any investigation made on your behalf:

     (a)     who may have seen any part of the occurrence complained of or who may have or claim to have arrived at the scene of the occurrence complained of immediately or shortly after its happening; and

(b)    who have any knowledge regarding the facts or circumstances surrounding the happening of the incident complained of.

9.

Identify and provide the email, address, phone number and places of employment of all persons whom you expect to call or may call as expert witnesses at trial.  With respect to each person, state:

(a)    the specific subject matter on which you expect such expert to testify;

(b)    the substance of the facts, opinions, and conclusions which you expect such expert to testify;

(c)    the grounds for each such opinion or conclusion;

(d)    whether any of such persons have prepared or provided you with a written or recorded statement, or report concerning their investigation or study, or the facts found by them, or the conclusions or opinions arrived at by them or the grounds  of  their opinions or conclusions.  If so, state the date of each such report or statement, and the names and addresses of all persons who have a copy of such report or statement; and

(e)    the name, business telephone number, and business address of each person you retained or specially employed in the anticipation of litigation or preparation for trial whom you do not expect to call as a witness at the trial of the case.

10.

As to each statement or report written, recorded, or otherwise which has been made by any person concerning the occurrence complained of, describe each such statement or report, giving as to each such statement or report the name and contact information of the person giving such statement or report, the date of same, and the present location of such statement or report or any copy hereof.

11.

If you, your attorney, insurance carrier, or anyone acting on your or their behalf have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys, or other descriptions concerning the events and happenings alleged in the Complaint, scene of the incident, the area, or persons involved, as to each such item, identify or produce such document(s) and state:

(a)     what each such item purports to show, illustrate, or represent;

(b)     the date it was made or taken and by whom; and

(c)     the name and address of the person having custody of such item.

12.

Describe the security plan Defendant had in place on October 5, 2020 for the Premises, including but not limited to, the number of security employees/agents/contractors at the time of the subject incident, the names and email, address, phone number of those individuals, the shift schedules, system of patrol, the duties of the security personnel, system of stationing security personnel, and policies or plan used by the security personnel when a security complaint is received.

13.

Describe any changes whatsoever made to the security plan and policies (or crime prevention procedures) at the Premises between October 5, 2015 and the present.

14.

Identify each employee/agent employed at the Premises from October 5, 2015 through October 5, 2020.  For each such person please state the following:

(a)     the employee's name, email address, residential address, and phone number;

(b)     the position/role of that employee;

(c)     whether that individual is still employed at the Premises;

(d)      where that person is presently employed;

(e)      the employee's present work address and phone number; and

(f)      whether that employee was on the Premises at the time of the incident.

15.

Explain what, if any, security prevention or related security training employees at the Premises received within the course of their employment.

16.

Describe each and every warning that you claim was provided to Plaintiff regarding criminal activity associated with the Premises or vicinity of the Premises.

17.

Identify any changes that were implemented or made as a result of the incident forming the basis of Plaintiff's Complaint.

18.

List each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff, or any other person or entity, did or failed to do which in any way contributed to the assault on Plaintiff.

19.

Identify with specificity all negligent security civil claims or complaints made against Defendant or relating to the Premises at issue, between October 2015 and the present, including the date, time, and place of occurrence; the name, address, and telephone number of all parties involved in said incident; the address of all investigating people or departments; personal injuries and property damage, if any, claimed in such incident; a short description of how the incident occurred; and whether suit was filed.

20.

State the substance of each conversation you had with Plaintiff at the time of or at any time following the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiff or her agents.

21.

Identify all potential parties, individuals, entities or other person that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiff in this action.

22.

State the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over the Defendants, that there has been an insufficiency of process of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendants.

23.

Identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

24.

Identify any information you claim you or your agents, attorneys, servants, or employees have indicating whether Plaintiff, or any witness has been convicted or pled guilty to a crime.

25.

Within a three-mile radius of the Premises, identify any property, real property, apartments or other buildings, whether occupied or vacant, that Defendants or any related entity manages, occupies, operates, own, co-own, and/or have any ownership interest in.

26.

Identify all depositions taken of any agent, owner, manager, former manager, employee or former employee in any civil suit involving premise liability/negligent security allegations arising out of an injury or death at any property in Georgia, owned, operated, managed or occupied by Defendant between October 2015 and the present.

27.

Identify and provide the email, address, phone number and places of employment of all persons/entities directly responsible for security, all security officers, all persons in contact with security, or other people of any nature that had security responsibility at the Premises between October 5, 2015 and October 5, 2020.

28.

Identify all action Defendants took, including the person, name, date and address of the person who took the action, regarding any investigation on Defendant's part into prior criminal activity at the Premises, property neighboring that of the Premises, or in the same community between October 5, 2015 and October 5, 2020.

29.

If management had concerns about security measures and issues for the Premises at issue before October 5, 2020, identify all written documentation reflect the same, and specific company conversations or directives regarding same between October 5, 2015 and October 5, 2020.

30.

Have you had any complaints or reports of any nature by anybody about problems with the security at the Premises?  If so, explain in detail and identify the person's name, address. email

and telephone number and the date of the report.  For each such complaint or report identified, produce any documents regarding same between October 5, 2015 and October 5, 2020.

31.

Please describe in detail the method by which residents and/or any other individuals submit complaints and/or notifications, including, but not limited to, complaints and/or notifications contained in email correspondences and audio messages, to Defendant, including Defendant's Resident Services division and corporate office, regarding crimes or security concerns relating to the Premises and the properties surrounding the Premises between October 5, 2015 and October 5, 2020.

32.

If residents and/or any other individuals submitted complaints and/or notifications regarding crimes or security concerns relating to the Premises and the properties surrounding the Premises between October 5, 2015 and October 5, 2020, please describe and identify the following:

(a)     if the complaint and/or notification is sent by email correspondence, the specific email address that residents submit their complaints and/or notifications to;

(b)     if the complaint and/or notification is sent by audio message, the specific phone number that residents submit their complaints and/or notifications to and the identity of any third party answering service that receives the complaints and/or notifications sent by audio message;

(c)     the individuals who have access to the complaints and/or notifications;

(d)     the individuals who review the complaints and/or notifications;

(e)     whether Defendant or any other third party retain, store or archive the complaints and/or notifications;  and, if so, the length of time the complaints and/or

notifications are stored and the location, including, but not limited to, specific servers, where the complaints and/or notifications are stored;

(f)     the identity of the individuals who have access to and/or maintain the location, including, but not limited to, specific servers, where the complaints and/or notifications are stored;

(g)     the process by which Defendant's corporate office and/or officers are made aware of or provided the complaints and/or notifications, including, but not limited to, complaints and/or notifications sent by email correspondence and audio messages; and

(h)     the process by which Defendant searched and reviewed the complaints and/or notifications, including, but not limited to, complaints and/or notifications sent by email correspondence and audio messages, in preparation for producing said complaints and/or notifications in response to Plaintiff's First Request for Production of Documents.

33.

Who was responsible for determining the days, times, and hours of any security services employed at the Premises?

34.

Identify how employees of Defendants at the Premises respond to violent crime that occurs at the Premises, including but not limited to formal policies, procedures, investigations, discussions with residents, security personnel or management personnel.

35.

Identify and provide the last known contact information (including phone, email, address)

for the person/entity responsible for managing Defendant's information technology, including setting up, servicing and accessing email accounts, computer files/folders and databases and resident portals at properties managed/operated/owned by Defendant and any "cloud" maintained by Defendant between October 5, 2015 and October 5, 2020.

36.

Identify all email addresses used by/assigned to/associated with the Premises or any employee working at or supervising employees working at the Premises between October 5, 2015 and October 5, 2020, including but not limited to the community manager, leasing consultant, service technician, regional manager, regional service manager, and any other email address provided by Defendant to residents of the Premises.

**Respectfully submitted** this 7th day of January 2022,

SINTON SCOTT MINOCK & KEREW

/s/ Daniel Beer
Daniel C. Beer
Georgia Bar No. 200758
Mark Johnson
Georgia Bar No. 395042
Michael Smith
Georgia Bar No. 183081
Nicole M. Bigman
Georgia Bar No. 711066
Attorneys for Plaintiffs

**SINTON SCOTT MINOCK & KEREW**
3438 Peachtree Road, Suite 925
Atlanta, Georgia 30326
dbeer@ssmklaw.com
mjohnson@ssmklaw.com
msmith@ssmklaw.com
nbigman@ssmklaw.com

🌀 EFILED IN OFFICE
CLERK OF STATE COURT
CLARKE COUNTY, GEORGIA

**ST22CV0029**

CHARLES E. AUSLANDER III
JAN 07, 2022 04:04 PM

Beverly Logan, Clerk
Clarke County, Georgia

**IN THE STATE COURT OF ATHENS-CLARKE COUNTY**
**STATE OF GEORGIA**

SAYIF ALSAWALHA, as the Administrator of the
Estate of YAZEED ALSAWALHA, Deceased, and
SUMAIAH ALGHAHANIM and FAYEZ
ALSAWALHA, as Surviving Parents of YAZEED
ALSAWALHA, Deceased,

      Plaintiffs,

v.

LANDMARK PROPERTIES, INC.,

      Defendant.

CIVIL ACTION FILE
NO. _____

## PLAINTIFFS' FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to O.C.G.A. § 9-11-34, Plaintiffs hereby requests Defendant respond in writing as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at SSMK Legal, LLC, 3438 Peachtree Road, Suite 925, Atlanta, Georgia 30326.

Please include the text of each request prior to each response. Plaintiffs will do the same in response to Defendant's discovery requests. To facilitate this, Plaintiffs will also provide an electronic copy of this discovery upon request.

## DEFINITIONS AND INSTRUCTIONS

A.  This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et seq., so as to require Defendant to serve or produce upon all parties supplemental answers or documents if Defendant or its attorneys obtain further information between the time the answers

are served and the time of trial.  Plaintiffs also requests that Defendant produce the originals of each document at trial and any deposition of Defendant or its agents or employees.

B.  Each request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives.  If Defendant is unable to comply with a request completely, the request should be produced as fully as possible.  When a request is directed to Defendant, the request is also directed to the aforementioned persons.  These requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

C.  "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.  If a requested document is no longer in your possession, custody or control, please identify the document with specificity.  If no such information exists to comply with a particular request, please state that fact.  Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

E.  If you object to part of a request, please identify any documents withheld.  If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.  If work product or privilege is claimed as to any document or any information responsive to these requests, please identify the information or document(s) to which a privilege is claimed with such particularity and in such a manner that the Court, and not defense counsel unilaterally, may determine whether the document or information is indeed entitled to privileged status.  To support a claim of privilege, for each responsive document to which a privilege is claimed, provide a privilege log setting forth a general description of the document, the author of

the document, the recipients of the document (including "cc's"), the date the document was prepared, and the privilege claimed.

## REQUESTS FOR PRODUCTION

Defendant is requested to produce each of the following:

1.

Copies of any and all logs, security-patrol documents, maintenance requests or reports, incident reports, investigative memoranda, photographs, documents, and charts or graphs relating to or referencing the shooting that occurred on October 5, 2020(hereinafter the "subject incident").

2.

Copies of any and all statements, whether recorded, oral, written or otherwise, in your control or obtained on your behalf, of any person relating to the subject incident.

3.

Copies of any and all correspondence including, but not limited to, emails you had with any individual, employee/agent, independent contractor, tenant or another defendant, regarding crime at the complex known as Arcadia Student Living Complex apartments located at 412 Falling Waters Court, Charlotte, North Carolina 28212 (hereinafter "the Premises"), the provision of security services on the Premises, and repairs or maintenance of any security or crime prevention measures on the Premises between 2015 and the date of the subject incident, October 5, 2020.

4.

Copies of any and all reports, inner-office memoranda, emails or other documents relating to the subject incident which were prepared in the normal course of business.

5.

All documents you possess regarding any repairs or maintenance performed at the Premises which was necessary due to a break-in, burglary, shooting, home invasion, vandalism, any other criminal activity or related to repair of locks on windows or doors between 2015 and the date of the subject incident, October 5, 2020.

6.

All police reports, incident reports, complaints, or logs you possess regarding the subject incident or any other crime at the Premises and the vicinity around the Premises between 2015 and the date of the subject incident, October 5, 2020.

7.

All advertisements used to solicit tenants in the two years prior to the subject incident.

8.

Emails by/between any employee/agent at the Premises (including the leasing consultants, property manager, service manager) and any other employee of Defendant (including but not limited to the regional manager or any other supervisor) between 2015 and the date of the subject incident, October 5, 2020, relating to crime of any kind.  This request includes emails referencing any violent crime, burglaries, car thefts, car break-ins, shots fired and/or gunshots, police, security, drug activity, gang activity, property damage (of any kind), maintenance or repair due to crime, bullet holes, burglaries/break-ins, contract security and tenants' requests to break lease (for any reason).

9.

Personnel files for all employees/agents who worked at the Premises (including leasing consultants, community managers, service managers and/or service technicians) and/or supervised

the employees/agents who worked at the Premises (including regional managers, regional service managers and any other supervisor) between 2015 and the date of the subject incident, October 5, 2020.

10.

Copies of any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to Defendant with regard to Plaintiff's claims against Defendant.  This request includes primary insurance coverage, excess insurance coverage, insurance coverage listing Defendant as an additional insured, or any other type of liability insurance coverage, medical-payments coverage, and documents regarding reservation of rights for same.

11.

Copies of any and all reports, memorandum, or notes from any individual who has investigated any aspect or element of the subject incident.

12.

Copies of all reports received from any experts who have investigated any issue relevant to the subject incident and/or the allegations in the Complaint.  Also, produce all materials provided by Defendant to each expert and all materials relied upon by each expert in formulating their opinions and conclusions.

13.

Copies of any and all security patrol logs, courtesy officer logs, inspection forms, claims forms, incident reports, resident complaints or other documentation evidencing prior or subsequent complaints or problems with the security of the Premises between 2015 and the date of the subject incident, October 5, 2020. This includes copies of logs of resident complaints submitted to all

third-party contractors and transcriptions of phone calls of resident complaints submitted to all third-party contractors.

14.

All documents relating to security and any security measures considered or undertaken by Defendant for the Premises between 2015 and the date of the subject incident, October 5, 2020.

15.

All documents relating to changes in security and any security measure considered, but not implemented by Defendant for the Premises between 2015 and the present.

16.

All documents, photographs, and drawings that depict the layout of Premises, including documentation reflecting the building and layout of the area where Plaintiff was shot.  Please provide all architectural plans, drawings, or designs of the Premises.

17.

All documents evidencing, reflecting, relating to, or constituting any communication between Defendant and Plaintiff.

18.

Any documents related to contracts entered between you and any other entity regarding management or property management of the Premises between 2015 and the date of the subject incident, October 5, 2020.

19.

Any documents related to contracts entered between you and any other entity regarding the provision of manned security on the Premises between 2015 and the date of the subject incident, October 5, 2020.  This includes, but is not limited to, copies of actual contracts with third parties

(including courtesy officer, security contractors, off-duty Police Department officers or their coordinating officers) and copies of communications with the third parties (including courtesy officer, security contractors, off-duty Police Department officers or their coordinating officer) requesting the provision of manned security on the Premises.

20.

Any contracts entered between you and any other entity regarding repairs and maintenance of the Premises between 2015 and the date of the subject incident, October 5, 2020.

21.

Any patrol logs, courtesy officer logs, security logs, incident reports, inspection reports, daily logs, correspondence, emails, or other documents received from a company or individual retained or consulted to provide security at the Premises between 2015 and the date of the subject incident, October 5, 2020.

22.

All documents that you receive in response to your Requests for Production of Documents to Nonparties and Open Records Requests to governmental entities.

23.

All documents, pleadings, and/or exhibits filed, served, or prepared in connection with any negligent security related litigation involving personal injuries where Defendant has been a party and involving the Premises and any other property in Georgia owned, operated, occupied and/or managed by Defendant in the past five (5) years.

24.

Copies of all written warnings you provided to any individual, including residents, prospective residents and guests of residents related to crime on the Premises between 2015 and the date of the subject incident, October 5, 2020.

25.

All claim forms, tenant correspondence, emails, incident reports, or other documentation evidencing prior or subsequent complaints, problems, injuries, or security issues occurring on the Premises between 2015 and the date of the subject incident, October 5, 2020.

26.

Any and all documents, including employee handbooks, policy or procedure manuals, or videotapes of Defendant's policies regarding security, safety, crime prevention, crime deterrents, loss prevention, crime notices or any security measures at the Premises.  This includes any and all policy and procedure manuals of any nature.

27.

Any and all documents, including employee handbooks, policy or procedure manuals, or videotapes of Defendant's policies regarding prospective resident applications/qualifications, criminal background checks for residents, detecting/monitoring unauthorized occupants on the Premises\.

28.

For the date in question, October 5, 2020, and the two weeks before and two weeks after, please produce all documentation disclosing the identities of and hours worked by Defendant's employees on the Premises, including work schedules and paystubs.

29.

All documentation disclosing the identities of all employees employed by Defendant on the Premises between 2015 and the date of the subject incident, October 5, 2020, including, but not limited to, work schedules, paystubs, W2s and Form 1099s and Defendant's personnel files for its employees.

30.

All notes, memoranda, minutes, and all other written evidence of tenant meetings (including safety and security meetings and Police Department community outreach meetings) held by and/or attended by Defendant, its employees, agents, independent contractors and/or governmental entities between 2015 and the present.

31.

All contract agreements or documents of any nature entered into between the Defendant and any other individual or company regarding the security services, courtesy officer services, resident manager services and installation or repair of security measures/devices at the Premises in question between 2015 and the date of the subject incident, October 5, 2020.

32.

All documents reflecting proposed budgets for and actual spending on security measures at the Premises for the past five (5) years, including, but not limited, budgets and spending relating to courtesy officers, off-duty officers, security contractors, gates and fencing, access control devices, criminal background checks and security/surveillance cameras.

33.

Copies of all newsletters, advertisements, or flyers for the Premises for the five (5) years before the incident in question.

34.

All videotapes (including security/surveillance camera footage) or photographs of the Premises taken between May 22, 2020 and August 22, 2022.

35.

All profit and loss statements for the Premises for the past five (5) years.

36.

All documents you have referencing or relating to Plaintiff, Demarcus Anderson and Robert McKinzie.

37.

All tenant files for the Premises between 2015 and the present.

38.

Downloads of the contents of the cell phones of all employees employed by Defendant at the Premises on the day of the subject incident for the date in question, October 5, 2020, and the two weeks before and two weeks after.

39.

Copies of any and all correspondence including, but not limited to, emails and letters, between your employees/agents and any governmental entity, including, but not limited to, the County Police Department, County District Attorneys, regarding crime, crime statistics, or security issues on the Premises and the surrounding area between 2015 and the date of the subject incident, October 5, 2020.

40.

Copies of any and all correspondence including, but not limited to, emails and letters, between your employees/agents and any governmental entity, including, but not limited to, the Police Department, County District Attorneys, regarding the subject incident.

**Respectfully submitted** this 7th day of January 2022,

**SINTON SCOTT MINOCK & KEREW**

/s/ Daniel Beer
Daniel C. Beer
Georgia Bar No. 200758
Mark Johnson
Georgia Bar No. 395042
Michael Smith
Georgia Bar No. 183081
Nicole M. Bigman
Georgia Bar No. 711066
Attorneys for Plaintiffs

**SINTON SCOTT MINOCK & KEREW**
3438 Peachtree Road, Suite 925
Atlanta, Georgia 30326
dbeer@ssmklaw.com
mjohnson@ssmklaw.com
msmith@ssmklaw.com
nbigman@ssmklaw.com