IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| SAYIF ALSAWALHA, et al, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 3:22-CV-18 (CAR) |
| | : | |
| LANDMARK PROPERTIES, INC, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER ON JOINT MOTION TO REMAND

Before the Court is the parties' Joint Motion to Remand this wrongful death action to the State Court of Athens-Clarke County, Georgia. Plaintiffs filed this action on January 7, 2022, in the State Court of Athens-Clarke County seeking damages from the alleged wrongful death of Yazeed Alsawalha at an apartment complex owned by Defendant. Defendant removed the action to this Court on February 9, 2022, pursuant to the Court's diversity jurisdiction, and five days later, on February 14, 2022, the parties filed the Joint Motion to Remand currently before the Court.

Although the Court does not have discretion to remand a properly removed action simply because both parties consent to remand,[1] the Court must remand a case it lacks

---

[1] *See Mitchell & Shapiro LLP v. Marriott Int'l, Inc.*, No. 1:08-CV-1180-JTC, 2008 WL 11337750, at *1 (N.D. Ga. May 28, 2008) (citing *In re City of Mobile*, 75 F.3d 605, 607-08 (11th Cir. 1996) (denying joint motion to remand with no argument or citation to authority as improper, as "[t]he Court's discretion to remand a case involving a properly removed federal claim is narrow and limited by statute."), *order vacated on reconsideration on other*

jurisdiction to consider.[2] "A civil action otherwise removable solely on the basis of jurisdiction under section 1332 (a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."[3] In their Motion, the parties all agree that Defendant Landmark Properties, Inc. is a domestic corporation existing under the laws of the State of Georgia with its principal place of business in Georgia and jointly request the case be remanded to the State Court.

Because Defendant is incorporated and has its principal place of business in Georgia, the present case was improperly removed, and this Court lacks jurisdiction. Therefore, the parties' Joint Motion to Remand [Doc. 5] is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c), the case is hereby **REMANDED** to the state forum for further proceedings.  The Clerk of the Court is hereby **DIRECTED** to forward a certified copy of this Final Order of Remand to the Clerk of the State Court of Athens-Clarke County, Georgia, Civil Action No. ST22CV0029.

**SO ORDERED,** this 14th day of February, 2022.

s/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT

---

*grounds*, No. 1:08-CV-1180-JTC, 2008 WL 11337749 (N.D. Ga. June 20, 2008). *See also Buchner v. F.D.I.C.*, 981 F.2d 816, 820 (5th Cir. 1993) (citing *Thermtron Prods. v. Hermansdorfer*, 423 U.S. 336, 345 (1976) ("The rule established by *Thermtron* is that a district court exceeds its authority if it remands a case on grounds not expressly permitted by the controlling statute.")).
[2] *See* 28 U.S.C. § 1447(c).
[3] 28 U.S.C. § 1441(b)(2).